■ In the Matter of Alfredo Bedia, Petitioner, v Theodore W. O' Neill, as Commissioner of Police of the City of Long Beach, Respondent. (And a Similar Action.)—Proceedings pursuant to CPLR article 78 (1) to review a determination of the respondent Commissioner of Police of the City of Long Beach, which, after a hearing, suspended the petitioner as a police officer in the City of Long Beach for 30 days, without pay, based on a finding that on January 18, 1978, the petitioner had failed to make a proper police blotter entry and had failed to report an "unusual occurrence" to his commanding officer concerning a prisoner in custody, and (2) to review a second determination of the said commissioner which, after a separate hearing, demoted the petitioner from the grade and title of lieutenant to that of sergeant, based on a finding that on March 13, 1978, he had failed to obey an order of the police surgeon, a superior officer, and had failed to obey a request by the commissioner's office to file a report with respect thereto. Determination *suspending petitioner for 30 days without pay* annulled, on the law, without costs or disbursements, said petition granted and respondent is directed to reimburse petitioner for the pay withheld, less the statutory offset contained in subdivision 3 of section 75 of the Civil Service Law. Determination demoting petitioner to the rank of sergeant modified, on the law, and said petition granted to the extent of deleting (1) the finding that petitioner had failed to obey an order of the police surgeon and (2) the penalty imposed. As

so modified, determination confirmed, without costs or disbursements, proceeding otherwise dismissed on the merits, and matter remanded to respondent for the imposition of a new penalty. With respect to the determination suspending petitioner without pay, it is our opinion that the evidence adduced at the hearing was insufficient to establish that the blotter entry made by the petitioner was in any way improper, as the governing departmental regulation fails to specify either the contents of a proper blotter entry or when it must be made, while the testimony of experienced officers called by the petitioner revealed that there is no general agreement as to the criteria by which a given blotter entry should be judged and that everyone charged with the duty employs a somewhat different style. Moreover, as to the charge regarding petitioner's alleged failure to report to his commanding officer an "unusual occurrence" regarding a prisoner, the evidence revealed that pursuant to Departmental Special Order No. 95, petitioner, as the senior ranking officer on duty, *was* the commanding officer at the time of the occurrence. With respect to the determination demoting petitioner, it is our belief, upon reviewing the record, that no violation of any lawful order of the police surgeon occurred in the instant case, as (1) the police surgeon testified at the hearing that the so-called "order" was merely a *recommendation* on his part to the commanding officer regarding the type of duty to which the named police officer might be assigned, and (2) the other testimony adduced at the hearing revealed that the officer in question (Vincent Pepe) was never ordered by the petitioner to undertake an outside assignment but, rather, that he was asked by the petitioner if he would mind accompanying a city marshal while the latter served an eviction notice. Although the officer agreed to drive the marshal (and thus was gone from the precinct for a maximum of 15 minutes), the testimony clearly indicates that the officer was at all times free to refuse the aforesaid request. As to the final specification lodged against the petitioner, however, it is our belief that upon resolving the clear issue of credibility adversely to the petitioner, the respondent could reasonably have concluded that the petitioner failed to obey a request by the commissioner's office that he prepare and file a report with respect to the Pepe incident and that, under such circumstances, substantial evidence supporting the respondent's determination exists (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Although we therefore confirm this aspect of the respondent's determination, we must nevertheless vacate the penalty of demotion, as it appears on the present record that the decision to demote the petitioner was based, in part, upon the now-annulled finding that he had failed to obey a lawful order of the police surgeon. Accordingly, we are remanding the matter for the imposition of a new penalty based on the single charge sustained. Damiani, J. P., Gulotta, Margett and Gibbons, JJ., concur.